# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 23-7105**                     **September Term, 2024**

**1:21-cv-02765-TNM**

**Filed On:** October 9, 2024

Tony D. Parks,

        Appellant

    v.

Giant Food Store, Company,

        Appellee


**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Millett, Pillard, and Pan, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing and the supplement to appellant's brief, it is

**ORDERED AND ADJUDGED** that the district court's orders entered May 17, 2022 and July 17, 2023 be affirmed. First, appellant has not shown that the district court erred in granting in part appellee's motion to dismiss. See Shaffer v. George Wash. Univ., 27 F.4th 754, 762 (D.C. Cir. 2022) (district court orders dismissing for failure to state a claim are reviewed de novo). Appellant has not shown that the district court erred in dismissing his retaliation claim under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-3(a), because even taking as true appellant's allegations about incidents where his manager yelled at him, he has not pleaded facts that would constitute a materially adverse action. See Baloch v. Kempthorne, 550 F.3d 1191, 1199 (D.C. Cir. 2008). Additionally, appellant has not shown that the district court erred in dismissing his retaliation claim based on a failure to promote. The district court concluded that appellant failed to allege that the employee who he asserts was responsible for promotions knew about his protected activity or denied him promotions because of that activity. Appellant does not challenge that conclusion, and thus he has forfeited any such challenge. See United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004) ("Ordinarily, arguments that parties do not make on appeal are deemed to have been waived."). Moreover, appellant has not asserted that the district court erred in dismissing his claims of religious and age discrimination or his claim of retaliation based on reduced hours, and thus he has forfeited any such

challenge.  See id.  Appellant argues on appeal that he suffered retaliation through interference with his church attendance, but even if his district court pleadings could be construed as including such an argument, he has not pleaded facts raising a plausible inference of a causal relationship between the alleged interference and his protected activity.  See Menoken v. Dhillon, 975 F.3d 1, 5 (D.C. Cir. 2020) (retaliation claim requires "a causal link between the protected activity and the adverse action").

Additionally, appellant has not shown that the district court erred in granting appellee summary judgment on his remaining claims, for a retaliatory hostile work environment and breach of contract.  See Salazar v. WMATA, 401 F.3d 504, 507 (D.C. Cir. 2005) (district court orders granting summary judgment are reviewed de novo).  The evidence of appellant's verbal altercations with his co-workers and his manager is insufficient for a reasonable jury to find that the actions of his co-workers or his manager were taken in retaliation for appellant's protected activity.  See Menoken, 975 F.3d at 5-6.  Furthermore, even if appellant's district court pleadings could be construed as claiming that the alleged hostile work environment included firing and rehiring him and interference with his church attendance, he has not pointed to any evidence in the record from which a reasonable jury could conclude that these alleged actions were part of a retaliatory hostile work environment.  Finally, appellant has not shown that the district court erred in granting appellee summary judgment on the breach of contract claim.  Appellant has not produced evidence supporting a reasonable finding of damages from the alleged breach, nor does he challenge the district court's conclusion that this evidentiary deficiency is fatal to his claim.  See Tsintolas Realty Co. v. Mendez, 984 A.2d 181, 187 (D.C. 2009).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

FOR THE COURT:
Mark J. Langer, Clerk

BY:     /s/
Daniel J. Reidy
Deputy Clerk